EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2021 TSPR 120 |
| Designación del Secretario del Tribunal Supremo | 207 DPR ____ |

Número del Caso: EN-2021-05

Fecha: 9 de agosto de 2021

Materia: Resolución del Tribunal con Voto de Conformidad y Votos particulares disidentes.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Designación del Secretario del Tribunal Supremo | EN-2021-05 | |
|---|---|---|

RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de agosto de 2021.

El Lcdo. José I. Campos Pérez finaliza sus funciones como Secretario del Tribunal Supremo el 31 de agosto de 2021, en aras de emprender nuevos retos profesionales. En atención a su destacada labor, aprovechamos la ocasión para agradecerle por su excelente ejecución en los trabajos realizados en la Secretaría de este Tribunal.

A los fines de ejecutar las responsabilidades del cargo, según dispone la Regla 9 del Reglamento de este Tribunal, se designa al Lcdo. Javier O. Sepúlveda Rodríguez como Secretario del Tribunal. Este ejercerá las funciones propias del cargo y cualquier otra función que le asigne el Tribunal. La presente designación será efectiva el 1 de septiembre de 2021, tan pronto lleve a cabo el juramento de toma de posesión de su cargo.

Destacamos el sobresaliente trasfondo profesional y académico del letrado, al igual que su compromiso y disponibilidad para servir al pueblo de Puerto Rico nuevamente desde este Tribunal. En consideración a lo anterior, más allá de acentuar los logros y reconocimientos obtenidos por el letrado durante su formación académica subgraduada y graduada, queremos destacar el haber culminado una Maestría en Derecho (LL.M.) con énfasis en *Formación Judicial* de la Escuela de Derecho de la Universidad de Puerto Rico y en la cual obtuvo el premio por la calificación más alta y el mejor trabajo investigativo.

De manera similar, en el campo profesional destacamos su excelente ejecutoria como Oficial Jurídico de este Tribunal, específicamente sus valiosas aportaciones en la elaboración de jurisprudencia transcendental al desarrollo del derecho puertorriqueño. Asimismo, acentuamos su labor en el *Proyecto Conjunto de Capacitación del Poder Judicial de la Federación en México* y la *Oficina internacional para el desarrollo de*

*sistemas de procuración de justicia del Departamento de Justicia de Estados Unid*os para la adopción e implementación de Reformas Constitucionales y el Sistema Acusatorio, en el cual varios miembros de esta Curia también fueron parte. En este esfuerzo y en las distintas tareas que ejecutó, realizó una labor encomiable. Particularmente, resaltamos su ejecutoria como Director de la Junta Editora y a su vez, autor de uno de los artículos que componen la obra literaria que acumuló estas experiencias, a saber, el COMPENDIO SOBRE EL SISTEMA ACUSATORIO: EXPERIENCIAS COMPARTIDAS, E. Rivera García, *et al*. (Publicaciones Gaviota, 2018-2019).

Por otro lado, se despunta del robusto acervo profesional del licenciado Sepúlveda Rodríguez, su nominación y confirmación como Fiscal Auxiliar I del Departamento de Justicia y posteriormente, su designación como Subprocurador General de Puerto Rico. Sin lugar a dudas, la excelente trayectoria profesional y académica del letrado, lo distingue y lo posiciona como el próximo Secretario de este Tribunal.

Se instruye a la Secretaría notificar al Lcdo. Javier O. Sepúlveda Rodríguez.

Publíquese inmediatamente.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. El Juez Asociado señor Rivera García emite un Voto de Conformidad a la cual se unen el Juez Asociado señor Martínez Torres, La Jueza Asociada señora Pabón Charneco y los Jueces Asociados señores Kolthoff Caraballo y Feliberti Cintrón. El Juez Asociado señor Estrella Martínez emite la siguiente expresión particular:

> "En la historia reciente de este Tribunal, habíamos logrado establecer la sana práctica de buscar el consenso al momento de ejercer nuestra facultad de nombramiento en aquellas instancias que requerían la intervención del Pleno. Ello, a pesar de la diversidad de visiones y criterios entre las distintas configuraciones de los miembros de este Foro. Así ocurrió con el Secretario saliente de este Tribunal, quien contó con un amplio respaldo en su confirmación luego de promoverse el diálogo individual y colegiado entre todos los componentes del Tribunal. Desafortunadamente, las designaciones a las Comisiones de Evaluación Judicial y de Disciplina Judicial realizadas durante este receso de verano no han exhibido tal grado de apertura. Hoy, el modo en que desembocó la designación del nuevo Secretario de este Tribunal así lo confirma nuevamente.
>
> A mi juicio, no se deben obviar los mecanismos que resultaron exitosos—en el reclutamiento previo de posiciones claves que le competen a todos los miembros del Pleno confirmar. Su sustitución por

otras estrategias y la falta de aspiración al grado máximo de discusión posible para que el nombramiento obtenga el mayor respaldo de los miembros del Pleno no propende a fortalecer la institución. Precisamente, el proceso que nos ocupa se definió por la ausencia de debate colegiado con respecto a la designación, de modo que pudiera garantizarse un diálogo sosegado, ecuánime y receptivo a las preocupaciones y las diferencias de opinión.

En el pasado, uno de los criterios que fue sopesado al momento de nombrar al anterior Secretario de este Tribunal fue el interés en realizar un esfuerzo colegiado para identificar recursos que gozaran del aval previo del Pleno y que hubieran ocupado posiciones de dirección administrativa, preferiblemente dentro del Poder Judicial. Incluso, en la discusión del nombramiento del anterior Secretario, se observó el criterio de abstenernos de traer recursos que, si bien podían ser valiosos, provinieran de las ramas políticas. Traigo a la atención este enfoque objetivo para evidenciar que mi objeción al procedimiento realizado en esta ocasión no está basada en asuntos personales o en intereses particulares, sino en mi oposición a que se haya ignorado la posibilidad de evaluar, mediante una discusión colegiada, otros recursos dentro del Poder Judicial ya han gozado del aval de este Pleno, entre otros factores.

Nuestro Poder Judicial cuenta con una disponibilidad de recursos que no fueron considerados con el detenimiento que requiere la designación a un puesto de esta altura y, más importante aún, que reúnen los criterios objetivos de reclutamiento que sabiamente utilizamos en el pasado. Reitero que mi objeción no se trata de una preferencia particular personal, sino de ejercer nuestra potestad con la reflexión adecuada con respecto a los parámetros que satisfacen mejor el interés público y las necesidades de nuestro Tribunal. A mi juicio, ese ejercicio no se satisface mediante una discusión interna del bloque mayoritario. Hoy, se echaron por la borda unos parámetros que habíamos delineado para el cargo de Secretario del Tribunal. Ante la determinación mayoritaria, desde el disenso ejerceré mi juicio independiente teniendo como norte el interés público y colectivo, sin anteponer preferencias personales ni mucho menos descartar los criterios objetivos que deberían definir el mejor recurso en el servicio de la Rama.

En ese sentido, me reafirmo en que, según lo he hecho en ocasiones anteriores y lo haré a lo largo de mi servicio en este Tribunal, siempre estaré en posición de votar en conjunto con cualquier configuración entre los miembros de este Foro cuando la razón les acompañe. Asimismo, mi compromiso de discrepar cuando sea necesario persiste con igual fortaleza. He ejercido mi rol de disidencia contra pasados Jueces Presidentes, contra la actual Jueza Presidenta y contra múltiples configuraciones mayoritarias, indistintamente de su composición. Cuando cualquier configuración mayoritaria tenga la razón, me tendrán de aliado; pero cuando cualquier bloque mayoritario actúe erradamente, con igual respeto y firmeza disentiré, tal como he tenido que hacerlo en los nombramientos realizados durante este receso de verano.

Aprendamos de las tristes experiencias en otras esferas, como ha ocurrido en la Rama Legislativa, en que ejercicios precipitados, herméticos, aislados y poco participativos han privado a Puerto Rico de servidores públicos talentosos e idóneos para ocupar importantes posiciones. Esas prácticas no deben reproducirse en la esfera judicial. La implantación de esos estilos es lo que realmente mina la credibilidad de las instituciones. La fiabilidad y la independencia judicial se debilitan cuando impera el uso de tales prácticas y entran en juego factores ajenos a los criterios objetivos rectores, los cuales, ciertamente, no promueven la discusión de las opciones disponibles de una forma colegiada y sosegada.

En fin, el trámite que ha caracterizado los nombramientos que ha emitido este Tribunal en las últimas semanas en nada abona a la estabilidad institucional y a la legitimidad del funcionario seleccionado. Lamento que, tal y como he advertido consecuentemente en mis expresiones a lo largo de este proceso, este Foro haya descartado prácticas exitosas de reclutamiento que promovían el esfuerzo concertado entre los miembros de este Tribunal. Por ello, me veo imposibilitado de avalar este curso de acción y a, una vez más, insistir en mi llamado a un acercamiento más comprensivo y cooperativo en el despliegue de funciones de este Tribunal. Ante la ausencia de una discusión colegiada en la que pudiéramos analizar los criterios esbozados y considerar de frente la totalidad de los recursos disponibles, no puedo

validar el curso de acción adoptado por la Mayoría. Por consiguiente, sólo me queda desearle éxito al Secretario entrante, quien contará con mi compromiso de colaboración continua en servicio del funcionamiento eficaz de este Tribunal."

La Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Colón Pérez emiten un Voto Particular Disidente.


Bettina Zeno González
Secretaria del Tribunal Supremo Interina

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Designación del Secretario del Tribunal Supremo | EN-2021-05 | |

**Voto de Conformidad emitido por el Juez Asociado señor RIVERA GARCÍA al cual se une el Juez Asociado señor MARTÍNEZ TORRES, la Jueza Asociada señora PABÓN CHARNECO, el Juez Asociado señor KOLTHOFF CARABALLO y el Juez Asociado señor FELIBERTI CINTRÓN.**

En San Juan, Puerto Rico, a 9 de agosto de 2021.

Hoy nos corresponde ejercer nuestra función constitucional sobre el funcionamiento del Poder judicial, en esta ocasión, respecto al nombramiento del Secretario del Tribunal Supremo. Ello, como resultado de la vacante surgida tras la renuncia del Lcdo. José I. Campos Pérez al referido cargo. De igual forma, aprovecho la ocasión para agradecer al licenciado Campos Pérez por su encomiable labor y ejecución en los quehaceres diarios de la Secretaría de este Tribunal.

No obstante, nuevamente nos vemos precisados a responder a expresiones **frívolas y desacertadas** de la minoría de este Tribunal sobre las determinaciones administrativas que acoge el Pleno de este Tribunal como cuerpo colegiado. Es decir, la resolución del Pleno para designar como Secretario del Tribunal Supremo al **Lcdo.**

**Javier O. Sepúlveda Rodríguez** (licenciado Sepúlveda Rodriguez).

Así pues, las expresiones disidentes que acompañan esta *Resolución*, lejos de rendirle honor a la verdad, son una oda para **tergiversar y desplegar imputaciones viciosas en contra del sosegado y ponderado curso decisorio del proceder de la Mayoría de este Tribunal**. Con estas **<u>expresiones caprichosas, la minoría</u>** nuevamente intenta lacerar la imagen del Poder Judicial con el único objetivo de imponer su criterio.

En particular, nos preocupa considerablemente, el **deliberado pero irracional discurso** de la minoría sobre el supuesto "proceso atropellado" encausado para la designación de las personas que ocuparán posiciones "clave" en la administración de esta Curia. Así, nos sorprende sobremanera, que pretendan distorsionar la realidad del proceso decisorio del Pleno en aras de proyectar una realidad falsa que les sirva de apoyo para imponer sus criterios en estos procesos. Cabe preguntarse, si mediante una retórica vacía y expresiones demagogas, pretenden disuadir a los miembros de la Mayoría para precisamente imponer su criterio en pro de alguna agenda oculta para la administración del Poder Judicial.

En vista de ese lamentable proceder, genuinamente nos cuestionamos si estas expresiones reflejan un patrón de conducta que claramente atentan contra los principios y postulados que una vez estos jueces juramentaron defender.

Lejos de proyectar una verdadera diversidad de criterio, **las expresiones de la minoría realmente reflejan un atentado directo para asesinar la independencia judicial de esta institución**.

En lo sucesivo y para dejar claro el récord de los hechos que nos trajeron aquí, exponemos el proceder de la Mayoría del Pleno de este Tribunal junto con un resumen de los méritos del licenciado Sepúlveda Rodríguez.

\*\*\*

El 3 de agosto de 2021, a las 8:20 a.m., el Lcdo. José I. Campos Pérez nos informó mediante correo electrónico, su decisión de culminar sus funciones como Secretario de esta Curia, efectivo el 31 de agosto de 2021. En respuesta a ello, ese mismo día, a las 10:47 a.m. procedí a circular entre los miembros del Pleno un *Memorando* para recomendarles designar a la persona que habrá de dirigir la Oficina del Secretario de este Tribunal. Específicamente, recomendé al **Lcdo. Javier O. Sepúlveda Rodríguez** y resumí, tanto su excelente expediente académico como su robusto acervo profesional en aras de colocar al Pleno en justa perspectiva para evaluar los méritos del letrado. Además, junto a esta comunicación acompañé el resumé del licenciado cual refleja detalladamente tanto su destacada trayectoria académica como profesional. Afortunadamente, esa misma tarde recibí el aval de la Mayoría de los miembros del Pleno para esta designación. Luego de tres (3) días de haber circulado esta

recomendación, es decir, el 6 de agosto de 2021, circulé otro *Memorando* sobre el mismo asunto. **Aquí, le comuniqué al Pleno que ya contábamos con el aval mayoritario para la designación del letrado y que aún estaban pendiente por emitir sus votos la Jueza Presidenta Oronoz Rodríguez y los Jueces Asociados señor Estrella Martínez y señor Colón Pérez.** A su vez, junto a este Memorando acompañé la *Resolución* que en el día de hoy certificamos sobre esta designación. Cabe señalar que, hasta ese momento, es decir, a cuatro (4) días desde que circulé el primer Memorando, ninguno de los compañeros jueces mencionados de la minoría habían emitido expresión alguna sobre esta designación. **Es más, no solicitaron reunión presencial o virtual para discutir el asunto, ni hicieron nominación alguna de otra persona para este cargo, ni recomendaron tener una discusión en palabras de ellos "sosegada" sobre el letrado; en fin, no escribieron comentario alguno que tan siquiera sugiriera a la Mayoría otro proceder.**[1]

Así las cosas, a una (1) hora de certificarse esta Resolución --hoy, 9 de agosto de 2021-- los tres jueces de la minoría emitieron las desacertadas expresiones y votos disidentes que acompañan esta *Resolución*. Con ese proceder, resulta nuevamente evidente **la intención real de la minoría**

---

[1] Previo a circular el Memorando oficial con la recomendación del candidato a Secretario de este Tribunal, la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Estrella Martínez mediante comunicación informal sugirieron varios candidatos. Sin embargo, a partir del momento que se circuló la comunicación oficial suscrita por este servidor, no se hizo nominación alguna de otros candidatos para esta posición.

**en menoscabar y mancillar la integridad, la reputación y los valores que enaltecen a los jueces y juezas de esta Curia.**

Como se puede observar, de forma reiterada tres distinguidos miembros de esta Curia, so pretexto de un alegado "proceso atropellado" pierden la oportunidad de evaluar de forma justa y objetiva a un excelente funcionario público que ha demostrado su compromiso y pasión por el mejoramiento del Poder Judicial. Su patrón de injurias denota falta de seriedad en sus descarnados argumentos y en el proceder de algunos, el anteponer sus agendas particulares en claro menosprecio a los valores que enaltecen esta institución.

Asimismo, de manera deliberada se lanzan en un viaje de especulaciones cuando aducen "[e]sto, al parecer, ya estaba previamente decidido a espaldas de algunos de nosotros". No hay duda que tal imaginario se traduce en una ausencia de fundamentos persuasivos y revestidos de seriedad.

En estricto apego a la realidad, el memorando circulado por este Juez, el 3 de agosto de 2021 se limitó a una recomendación para que el Pleno pasara juicio sobre las credenciales profesionales y académicas del licenciado Sepúlveda Rodríguez, y se produjera el análisis y evaluación del candidato. Los tres compañeros que hoy levantan su voz de protesta, guardaron absoluto silencio durante los pasados siete días. Ninguno de ellos llevó a

cabo gestiones afirmativas para promover un diálogo y discusión sobre la referida recomendación. Como ya nos tienen acostumbrados, impregnan sus escritos con gritos para satisfacer algunos espectadores que observan desde las gradas. Sin embargo, tales intentos siguen perdiendo resonancia en la medida que se distancian de la verdad.

Por lo tanto, y en honor a la verdad, veamos el trasfondo académico y profesional del letrado que llevó a esta Mayoría del Pleno a tomar esta decisión.

El licenciado Sepúlveda Rodríguez posee estudios subgraduados de la Universidad de Puerto Rico, Recinto de Mayagüez, donde se graduó con un bachillerato *Magna Cum Laude* en Economía y fue reconocido con el premio Dr. Sir Williams Arthur Lewis por alcanzar el promedio académico más alto de la clase graduada 2013. De manera similar, obtuvo su *Juris Doctor, Summa Cum Laude* de la Facultad de Derecho de la Universidad Interamericana de Puerto Rico, logrando alcanzar nuevamente el índice académico más alto de la clase graduada 2016, entre otros premios. Además, en su afán por enriquecer su experiencia extracurricular, perteneció al cuerpo de redactores de la Revista Jurídica de la Universidad Interamericana de Puerto Rico, Vol. L, fue Estudiante-Orientador y Asistente de Cátedra de la reconocida Profesora de derecho, Evelyn Benvenutti Toro. Tan reciente como el año pasado, obtuvo con excelencia académica una Maestría en Derecho (LL.M.), con énfasis en *Formación Judicial*, de la Escuela de Derecho de la Universidad de Puerto Rico y en la

cual obtuvo el premio por la calificación más alta y mejor trabajo de investigación.

Como parte de su acervo profesional, el licenciado Sepúlveda Rodríguez fungió como paralegal en distintos despachos legales de renombre en la práctica privada mientras estudiaba derecho. De igual forma, realizó una práctica jurídica en mi despacho mediante el *Programa de Tutoría Jurídica del Poder Judicial* destacándose con excelentes aportaciones sustantivas en los trabajos que se le asignaron. De esta forma, así fue como se abrió paso para ocupar desde febrero de 2017 hasta diciembre de 2020 la posición de Oficial Jurídico de este Tribunal, específicamente trabajando en mi despacho y destacándose en sus últimos años como el Principal Oficial Jurídico en mi oficina. En ese sentido, contribuyó de manera valiosa en la elaboración de jurisprudencia trascendental al desarrollo del derecho puertorriqueño.

Particularmente, quiero destacar la labor del licenciado Sepúlveda Rodríguez en el Proyecto Conjunto de Capacitación del Poder Judicial de la Federación en México y la Oficina Internacional para el *Desarrollo de Sistemas de Procuración de Justicia* del Departamento de Justicia de los Estados Unidos para la adopción e implementación de Reformas Constitucionales y el Sistema Acusatorio en el cual varios hermanos y hermanas de esta Curia también fueron parte. En las distintas tareas que ejecutó el letrado, realizó una labor encomiable —labor que recogí y

acumulé en la creación del *Compendio sobre el Sistema Acusatorio: Experiencias Compartidas*, en el cual el licenciado Sepúlveda Rodríguez fungió como el Director de la Junta Editora y a su vez Autor de uno de los capítulos.

A finales de diciembre de 2020, la entonces Gobernadora de Puerto Rico nominó al licenciado Sepúlveda Rodríguez para ocupar la posición de Fiscal Auxiliar I del Departamento de Justicia. Asimismo, el Senado de Puerto Rico lo confirmó. A principios del presente año, fue llamado en destaque por el Secretario de Justicia y el Procurador General para ocupar la posición de Subprocurador General de Puerto Rico. Desde entonces, representa al Gobierno de Puerto Rico en la esfera apelativa de nuestras cortes. Sin duda, su excelente trayectoria profesional y académica ——de la cual hemos sido testigos—— lo distingue y lo hace un candidato idóneo para llenar la vacante que deja el licenciado Campos Pérez.

**"Hay que tener el valor de decir la verdad, sobre todo cuando se habla de la verdad".**

-Platón

Edgardo Rivera García
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Designación del Secretario            EN-2021-05
del Tribunal Supremo


Voto Particular Disidente emitido por la JUEZA PRESIDENTA ORONOZ RODRÍGUEZ.


En San Juan, Puerto Rico, a 9 de agosto de 2021.

Nuevamente debo expresarme ante un patrón de designaciones que ha realizado la Mayoría mediante discusiones tras bastidores y procesos atropellados que no deben ser el proceder en un Tribunal colegiado. Esto, mucho menos cuando este mismo Tribunal ha mostrado al País en ocasiones anteriores su madurez y capacidad para discutir y resolver controversias de trascendencia mediando el consenso. Tal y como hemos expresado varios integrantes de este Tribunal, aparentara que cuando se trata de designaciones para cargos en el Tribunal o sus Comisiones, una Mayoría del Pleno llega a acuerdos y priva a los demás de siquiera tener la oportunidad de discutir sosegadamente la idoneidad de las y los profesionales

designados a ocuparlos. En esta ocasión nos referimos a la designación de un puesto de gran envergadura como es el del Secretario o la Secretaria del Tribunal Supremo.

El trasfondo es claro, el Lcdo. José Ignacio Campos Pérez presentó su renuncia como Secretario del Tribunal Supremo en la mañana del 3 de agosto de 2021. Dicha renuncia sería efectiva el 31 de agosto de 2021. Por lo que una vacante estaría disponible a partir del 1 de septiembre de 2021. Apenas dos horas después, un nombre había sido propuesto para ocupar el cargo y antes de que terminara la tarde de ese mismo día, cinco Jueces habían emitido sucesivamente su voto, siendo así escogida la persona para ocupar la futura vacante. Esto ocurrió sin que se atendiera el pedido de algunos integrantes del Tribunal, efectuada antes de que se emitiera cualquier voto, para que el Pleno sostuviera una reunión y así promover una discusión informada y detenida sobre el designado y su preparación, y sin que tuviéramos la oportunidad de evaluarlo frente a otros candidatos y candidatas propuestos.[2]

Comienzo por aclarar que mi objeción es al proceso que una Mayoría de este Tribunal parece entender necesario para tomar decisiones trascendentales que impactan el funcionamiento de este Tribunal, sus dependencias y Comisiones. La asombrosa celeridad con la que se alinearon cinco votos para seleccionar a una persona para ocupar una

---

[2] Cabe mencionar que el viernes, 6 de agosto de 2021, se anunció al Pleno la intención de certificar la Resolución del nombramiento y se le puso como fecha de certificación el próximo día laborable, lunes, 9 de agosto de 2021 a las 2:00 p.m.

vacante disponible un mes más tarde no es comprensible o razonable. Esto ocurrió sin dar apertura al pedido de un compañero Juez Asociado para que se llevara a cabo una reunión. Por ende, si me preguntaran cuál es la opinión de una Mayoría de los integrantes del Tribunal sobre su visión o lo que aspiran para el funcionamiento de la Secretaría del Tribunal, con toda honestidad desconocería la respuesta. Mucho menos podría afirmar que hubo apertura o una oportunidad genuina para evaluar a algún candidato o candidata y mucho menos confrontar sus cualificaciones frente a otros potenciales candidatos y candidatas.

No tengo duda alguna de la inteligencia y del talento del Lcdo. Javier O. Sepúlveda Rodríguez. Su récord académico es excepcional y se desenvolvió a la altura esperada en los dos años que laboró como oficial jurídico de este Tribunal en la oficina de uno de los Jueces Asociados. Promover una discusión sobre una terna de candidatos o candidatas y mostrar apertura al diálogo no implica un rechazo a sus credenciales, simplemente procura enriquecer el proceso de selección. Estos trámites innecesariamente atropellados por parte de una Mayoría del Tribunal arrojan sombras sobre el Poder Judicial que representamos y nos privan de un ejercicio concienzudo para evaluar y seleccionar mediante consenso a la persona que ocupará un cargo tan importante para el Alto Foro.

Cuando el cargo del Secretario o la Secretaria se regía por el sistema de clasificación de la Rama Judicial, un requerimiento del puesto era que el abogado o abogada

contara con un mínimo de ocho años de experiencia en la profesión legal, así como con experiencia administrativa. Esta recomendación no se daba en el vacío; el Secretario o Secretaria del Tribunal, en cualquier foro judicial, sea federal o estatal, es un oficial de alto rango gerencial, cuyas responsabilidades le exigen no solo conocer las normas procesales que rigen el proceso judicial, sino que es responsable de elaborar los planes de trabajo y operacionales que garanticen el funcionamiento continuo de la Secretaría.

El Secretario es el enlace con otras Secretarías y oficinas del Poder Judicial, lo que implica también que debe comprender el funcionamiento del Tribunal General de Justicia. Asimismo, su experiencia y conocimientos en la coordinación administrativa deben ser tal que le permita colaborar sustancialmente sobre asuntos relacionados con la administración judicial en conjunto con otras dependencias del Poder Judicial, identificar fallas, sean en la ejecución u operación de su oficina o en la manera en que otra oficina y dependencia ejecuta los dictámenes del Tribunal; todo ello para garantizar el fiel cumplimiento con lo dispuesto por esta Curia y la finalidad de los pleitos. También supervisa y lidera a un equipo de sobre quince funcionarios y funcionarias.

Si el licenciado Sepúlveda tiene o no las cualificaciones o la experiencia suficiente, o si es la mejor experiencia en contraposición de otros talentos disponibles, no sabría decir, ya que no cuento con los

criterios suficientes para justipreciarlo y una Mayoría no tiene interés que esa evaluación se haga.

En fin, lo menos que debería pasar en un Tribunal colegiado es que se discutan estos asuntos de manera sosegada, con apertura y objetividad, antes de llevarlo a votación. Esto con el mejor interés del Tribunal que representamos y a la comunidad a la que servimos. Ese ejercicio es fundamental para realizar una selección informada y efectiva de cualquier cargo, pero más aún de uno de tal trascendencia en nuestras labores judiciales y operacionales como lo es el de Secretario o Secretaria del Tribunal Supremo. No dudo que el ahora designado, quien apenas ocho meses atrás recibió el voto de confianza de la Gobernadora de Puerto Rico y del Senado que le confirmó al cargo de Fiscal I, no se opondría a que su nombre fuera incluido con una terna de candidatos y candidatas para ser evaluado por este Tribunal de manera objetiva para seleccionar a quien mejor pudiera contribuir desde la Secretaría al funcionamiento adecuado del Tribunal ante los cambios reglamentarios y operacionales que impone la modernización en la Judicatura y las exigencias de mayor acceso a la justicia por parte de la ciudadanía. De mi parte, tal y como hice con el ahora Juez Juan Ernesto Dávila y el licenciado José I. Campos, el licenciado Sepúlveda contará con mi apoyo y buena voluntad para trabajar juntos los asuntos administrativos tan importantes que impactan la Secretaría del Tribunal. Mi deseo es que sea exitoso en su desempeño para beneficio del buen funcionamiento del

Tribunal y de los servicios que se proveen al Pueblo de Puerto Rico. No obstante, ante la realidad del "proceso" de selección implementado por la Mayoría me veo precisada a disentir.


                              Maite D. Oronoz Rodríguez
                                   Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Designación del Secretario
del Tribunal Supremo                    EN-2021-05

Voto Particular Disidente emitido por el Juez Asociado señor COLÓN PÉREZ.

En San Juan, Puerto Rico a 9 de agosto de 2021.

Sin pasar juicio sobre si el abogado hoy designado a ocupar el cargo de Secretario del Tribunal Supremo de Puerto Rico tiene o no tiene los méritos para ocupar tal posición, emitimos este breve Voto Particular Disidente pues enérgicamente discrepamos del proceso seguido por una mayoría de esta Curia para realizar el referido nombramiento. Uno en extremo apresurado, en donde no medió discusión alguna entre los integrantes de este Tribunal.[3]

---

[3] **El memorando anunciando la nominación del candidato a ocupar el cargo de Secretario del Tribunal Supremo se circuló a los miembros de este Tribunal a las 10:47 a.m. del martes 3 de agosto de 2021 y ya, aproximadamente, a eso de las 6:57 p.m. del mismo día, este contaba con los votos de una mayoría de este Tribunal para ocupar el referido cargo. Es decir, en tan solo ocho (8) horas, sin que el Pleno del Tribunal se reuniera y sin discusión alguna, se determinó quién sería designado Secretario del Tribunal Supremo de Puerto Rico. ¡Sorprendente!**

Como es sabido, históricamente -- y salvo contadas excepciones --, las personas que han ocupado el puesto de Secretario o Secretaria del Tribunal Supremo se han caracterizado por ser abogados o abogadas con una preparación y trayectoria profesional de primer orden, un vasto conocimiento del funcionamiento del Tribunal, efectiva capacidad administrativa, liderazgo y madurez, entre muchos otros atributos. Entre ellos, destacamos los siguientes: Ángel G. Hermida (1974), Ernesto L. Chiesa Aponte (1976), Lady Alfonso de Cumpiano (1981), Bruno Cortés Trigo (1986), Francisco R. Agrait Lladó (1988), Isabel Llompart Zeno (1997), Patricia Otón Olivieri (2002) y Aida I. Oquendo Graulau (2004).

No albergamos duda alguna que esas atinadas designaciones que se realizaron en el pasado se dieron en el marco de una discusión seria, detenida, sosegada y particularizada entre cada uno de los integrantes de esta Curia sobre las cualificaciones de los candidatos o candidatas considerados para ocupar el referido cargo. ¡Así debe ser!

Como cuestión de hecho, como Juez Asociado de este Tribunal participamos de la designación del anterior Secretario, el licenciado José Ignacio Campos Pérez, en un proceso menos atropellado, -- donde incluso tuvimos la oportunidad de entrevistar en privado al nominado por uno de mis compañeros jueces --, que permitió que el Juez que suscribe fuese una de las primeras personas

en avalar con su voto el referido nombramiento. Todo eso faltó en esta ocasión.

Y es que, en lo relacionado a la designación que hoy mis compañeros y compañera de estrado realizan al cargo de Secretario del Tribunal Supremo,  -- más allá del envío de un mero memorando en el que se anuncia la referida designación --, éstos no proveyeron tiempo suficiente para evaluar el mismo con la circunspección y seriedad que el asunto amerita (como ya mencionamos, en tan solo aproximadamente ocho (8) horas ya el nominado había recibido el aval de una mayoría de esta Curia), no hubo discusión alguna sobre las cualificaciones del designado para ocupar el referido cargo, mucho menos se dieron a la tarea de considerar otros candidatos o candidatas a pesar de que otros nombres fueron sometidos a la consideración del Pleno.[4]

**Esto, al parecer, ya estaba previamente decidido a**

_____

[4] Al igual que otros compañeros de esta Curia, en lo relacionado a las designaciones de funcionarios del Tribunal (como lo es el Secretario) y miembros de las comisiones que nos asisten en nuestras tareas, no faltaron las invitaciones al diálogo por parte de este servidor. La última de éstas, en ocasión de la designación de los miembros de la Comisión de Disciplina Judicial. Allí, el Juez que suscribe expresó:

> "Cónsono con lo que ha sido nuestro proceder en este tipo de asunto, nos reiteramos en que previo a certificar cualquier Resolución donde se designen **funcionarios del Tribunal** o miembros a las comisiones que nos asisten en nuestros trabajos, -- como lo es la Comisión de Disciplina Judicial --, lo más saludable es que el Pleno de esta Curia tenga la oportunidad de reunirse, dialogar y evaluar detenidamente cada una de estas designaciones. Ello en aras de poder identificar aquellos candidatos o candidatas que -- para realizar las tareas que se le delegan -- pudiesen gozar de la confianza de todos y todas los que componemos este Foro. (Énfasis suplido). Véase, _In re Designación Miembros de la Comisión de Disciplina Judicial_, 2021 TSPR ___ (Colón Pérez, Expresiones Particulares).

**espaldas de algunos de nosotros.** Insistimos, esa no es la mejor forma de trabajar en un foro colegiado. Véanse, de forma análoga, *In re Designación Miembros de la Comisión de Evaluación Judicial*, 2021 TSPR ___ (Colón Pérez, Voto Particular Disidente); *In re Designación Miembros de la Comisión de Disciplina Judicial*, 2021 TSPR ___ (Colón Pérez, Expresiones Particulares).

Lamentablemente, el aquí nominado -- quien pudo haber tenido la oportunidad de ser evaluado justa y objetivamente por cada uno de los jueces y juezas que integramos esta Curia -- es quien resulta ser víctima de tan atropellado proceso. Un proceso que, a todas luces, se aparta de aquellos que previamente se habían realizado para atender un asunto de tan importante naturaleza.

Flaco servicio el que una mayoría de mis compañeros y compañera de estrado -- nuevamente -- le hacen al Poder Judicial y, en específico, a este Tribunal. Por lo anterior, enérgicamente disentimos.


                                        Ángel Colón Pérez
                                          Juez Asociado